UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CANOPIUS US INSURANCE, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No._____ |
| | ) |
| A&B BUILDERS CORPORATION, and | ) |
| PROBUILD HOLDINGS, LLC, | ) |
| | ) |
| Defendants, | ) |
| and | ) |
| | ) |
| JOSE ADILSON QUIRINO, K. | ) |
| HOVNANIAN AT MONTVALE II, LLC, and | ) |
| BUILDERS FIRST SOURCE, INC., | ) |
| | ) |
| Nominal Defendants. | ) |
| | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, CANOPIUS US INSURANCE, INC. ("Canopius US"), by and through its attorneys of record in this action, alleges the following:

1. CANOPIUS US brings this action seeking a declaratory judgment that it has no obligation to provide coverage to A&B BUILDERS CORPORATION, for the lawsuit captioned *Jose Adilson Quirino v. K. Hovnanian at Montvale II, LLC, ProBuild Holdings, LLC, Builders FirstSource, Inc. and John Doe(s) 1-10*, Docket No. BUR-L-22-17 pending in the Superior Court of New Jersey, Burlington Civil Division ("Underlying Quirino Lawsuit") pursuant to the Policy's Specific Operations Exclusion – Roofing.

2. In addition, CANOPIUS US is seeking a declaratory judgment that Policy Number ACE-0016540 (hereinafter the "Policy") issued to A&B BUILDERS CORPORATION for the policy

1

period of September 3, 2015 to September 3, 2016 is void *ab initio* due to material misrepresentations made by A&B BUILDERS CORPORATION in the Application for the Policy. Specifically, A&B BUILDERS CORPORATION represented that it did not perform any roofing, and Jovaci Dos Reis misrepresented his role as President of A&B BUILDERS CORPORATION when he signed the Application.

## PARTIES

3. Plaintiff, Canopius US is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 200 S. Wacker Drive, Suite 950, Chicago, Illinois.

4. Upon information and belief, Defendant, A&B BUILDERS CORPORATION is authorized to conduct business in the State of New Jersey with headquarters located at 101 Route 130 South, Presidential Center Grant Building, Cinnaminson, NJ 08077.

5. Upon information and belief, nominal defendant, JOSE ADILSON QUIRINO, is an adult citizen residing at 120 Elm Street, Beverly, New Jersey.

6. Upon information and belief, nominal Defendant K. HOVNANIAN AT MONTVALE II, LLC is a New Jersey limited liability company with its principal place of business located at 110 Fieldcrest Avenue, Edison, New Jersey.

7. Upon information and belief, defendant, PROBUILD HOLDINGS, LLC was acquired by nominal defendant BUILDERS FIRSTSOURCE, INC. on July 31, 2015. At all times relevant to this Litigation, nominal defendant PROBUILD HOLDINGS, LLC was a foreign limited liability company authorized to conduct business in New Jersey.

8. Upon information and belief, nominal defendant, BUILDERS FIRSTSOURCE, INC. is a foreign limited liability company authorized to conduct business in the State of New Jersey, with headquarters at 2001 Bryan Street, Suite #116, Dallas, TX 75201.

9. The nominal Defendants are named herein for the purpose of having the judgment, decisions and orders of the Court in the instant action be binding upon them.

## JURISDICTION AND VENUE

10. The amount in controversy exceeds the sum or value of Seventy Five Thousand ($75,000) Dollars exclusive of interest and costs and this is an action between citizens of different states.  Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

11. Venue is proper under 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

12. This is a case or controversy involving a policy issued in this judicial district sufficient to permit a declaratory judgment under 28 U.S.C. § 2201.

## UNDERLYING QUIRINO LAWSUIT

13. On or about January 3, 2017, JOSE ADILSON QUIRINO ("UNDERLYING PLAINTIFF") commenced an action in the Superior Court of the State of New Jersey, Burlington County, Civil Division against JOSE ADILSON QUIRINO, K. HOVNANIAN AT MONTVALE II, LLC (incorrectly sued as "K. Hovnanian Enterprises Inc."), PROBUILD HOLDINGS, LLC, BUILDERS FIRST SOURCE, INC., and JOHN DOE(S) 1-10.

14. The UNDERLYING PLAINTIFF seeks recovery for damages for personal injuries allegedly sustained on November 9, 2015 when UNDERLYING PLAINTIFF was employed by A&B BUILDERS CORPORATION to install roof sheathing. The UNDERLYING

PLAINTIFF alleges that he slipped and fell from the roof down to the ground below. The UNDERLYING PLAINTIFF alleges that the defendants were negligent in failing to provide an adequate fall arrest system, failing to provide a safe place to work, failing to properly train UNDERLYING PLAINTIFF in fall prevention, and failing to enforce a fall arrest plan. The UNDERLYING PLAINTIFF claims he sustained serious personal injuries, incurred expenses for medical expenses, and will continue to do so, lost time from employment and will continue to so and to lose earnings in the future, and that he has substantial pain from the accident that he suffered. A copy of the Complaint in the Underlying Quirino Lawsuit is attached as Exhibit "1" to this Complaint.

15. On or about June 7, 2017, K. HOVNANIAN AT MONTVALE II, LLC filed a Third-Party Action against A&B BUILDERS CORPORATION, CANOPIUS US and Liberty Mutual Fire Insurance Co. (hereinafter the "Third-Party Action"). A copy of the Complaint in the Third-Party Action is attached as Exhibit "2" to this Complaint.

16. The Complaint in the Third Party Action asserts the following causes of action against A&B BUILDERS CORPORATION: 1) First Cause of Action: Common Law Contribution and Indemnification; 2) Second Cause of Action: Contractual Defense and Indemnification; and, 3) Third Cause of Action: Declaratory Judgment. *See* Ex. 2.

17. The Complaint in the Third Party Action asserts that K. HOVNANIAN AT MONTVALE II, LLC is an additional insured entitled to coverage on the CANOPIUS US Policy issued to A & B BUILDERS Corporation and on the Liberty Mutual Fire Insurance Co. Policy issued to PRO BUILD HOLDINGS, LLC.

18. CANOPIUS US moved for dismissal of the K. HOVNANIAN AT MONTVALE II, LLC third party action against it on the basis that it had no obligations to provide coverage to

K. HOVNANIAN AT MONTVALE II, LLC because the Policy contains no additional insured coverage provisions and K. HOVNANIAN AT MONTVALE II, LLC does not qualify as an Insured.

19. By order issued and filed on January 16, 2018, the Honorable John E. Harrington, JSC of the Superior Court of New Jersey Law Division, Burlington County, granted CANOPIUS US' motion and dismissed the K. HOVNANIAN AT MONTVALE, II LLC third party action against it.

## POLICY

20. CANOPIUS US issued Policy No. ACE-0016540 to A&B BUILDERS CORPORATION for the policy period of September 3, 2015 to September 3, 2016. ("CANOPIUS US Policy").  A copy of the CANOPIUS US Policy is attached as Exhibit "3" to this Complaint. The CANOPIUS US Policy was cancelled effective December 14, 2015.

21. The CANOPIUS US Policy contains the following Specified Operations Exclusion - Roofing:

| *OUS309 (03/08) Specified Operations Exclusion – Roofing* |

*Entry is optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO.:* **ACE-0016540** | *EFFECTIVE DATE OF ENDORSEMENT:* **09/03/2015** | *ISSUED TO:* **A&B Builders Corporation** |
|---|---|---|

*It is agreed no coverage is afforded for any liability or claim that arises out of, is related to, or connected with the following:*

**Roofing Construction, Repair or Maintenance**

*Further, where there is no coverage, there is no defence; where there is no coverage or defence for you as an insured, there is no coverage or defence for an additional insured.*

See Form OUS309 (03/08) of the attached Exhibit "3" (the CANOPIUS US Policy).

22. The CANOPIUS US Policy contains the following "Representations" condition:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

*\*\*\**

**SECTION V – COMMERCIAL GENERAL LIABILITY CONDITIONS**

*\*\*\**

6. *Representations*

   *By accepting this policy, you agree:*

   a. *The statements in the Declarations are accurate and complete;*

   b. *Those statements are based upon representations you made to us; and*

   c. *We have issued this policy in reliance upon your representations.*

*See* Form CG 00 01 12 04 (Page 12 of 15) of the attached Exhibit "3" (the CANOPIUS US Policy).

23. The CANOPIUS US contains the following "Who is an Insured" provisions:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

*\*\*\**

**SECTION II - WHO IS AN INSURED**

1. *If you are designated in the Declarations as:*

   a. *An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.*

   b. *A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.*

   c. *A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.*

   d. *An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.*

   e. *A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.*

* * *

| OUS117 (12/14) Combination General Liability Endorsement |

*THIS ENDORSEMENT CHANGES THE POLICY*
*PLEASE READ IT CAREFULLY*

*This endorsement modifies insurance under the following:*

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

*The policy is amended as follows:*

\*\*\*

| D. Section II – Who is An Insured |

    **1.** Paragraph **2.** *is deleted in its entirety and replaced by the following:*

    *Each of the following is also an "insured":*

    ***a.*** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" are insureds for:

    **(1)** "Bodily injury" or "personal and advertising injury":

    **(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company); to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

    **(b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

    **(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(1)(b)** above; or

    **(d)** Arising out of his or her providing or failing to provide professional health care services.

    **(2)** "Property damage" to property:

    **(a)** Owned, occupied, or used by,

7

    **(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

    you, any of your "employees", "volunteer workers" any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

  **b.** Any person (other than your "employee"), or any organization while acting as your real estate manager.

  **c.** Any person or organization having proper temporary custody of your property if you die, but only:

    **(1)** With respect to liability arising out of the maintenance or use of that property; and

    **(2)** Until your legal representative has been appointed.

  **d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

 **2.** Paragraph **3.** is deleted in its entirety.

       \*   \*   \*

*THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.*

*EXCLUSION – NEW ENTITIES*

*This endorsement modifies insurance provided under the following:*

 *COMMERCIAL GENERAL LIABILITY COVERAGE PART*

 *Paragraph **3.** of **Section II – Who Is An Insured** does not apply.*

*See* Ex. 3.

  24. The CANOPIUS US Policy contains no additional insured coverage provisions.

*See* Ex. 3.

## RELEVANT FACTS

*Underwriting*

  25. On or about September 3, 2015, Jovaci Dos Reis signed an application for commercial insurance on behalf of A&B BUILDERS CORPORATION.

8

26. In response to the question as to whether the applicant does any roofing, A&B BUILDERS CORPORATION responded "No".

27. Upon information and belief, Jovaci Dos Reis, who signed the application, is an employee, and not the Owner or President of A & B BUILDERS CORPORATION.

*Reservation of Rights to A&B Builders Corporation*

28. On July 6, 2017, Johns Eastern Company, on behalf of CANOPIUS US, sent a letter to A&B BUILDERS CORPORATION, offering to defend A&B BUILDERS CORPORATION in the Underlying Quirino Lawsuit, subject to a reservation of CANOPIUS US' rights to deny all coverage pursuant to several Policy Exclusions, including the Policy's Specific Operations Exclusion – Roofing. A copy of the July 6, 2017 Reservation of Rights Letter is attached as Exhibit "4" to this Complaint.

29. In the July 6, 2017 Reservation of Rights letter, CANOPIUS US reserved its right to have a Court determine that it has no defense or indemnity coverage obligations for the Underlying Quirino Lawsuit. *See* Ex. 4.

30. In the July 6, 2017 Reservation of Rights letter, CANOPIUS US reserved the right to seek recovery from A&B BUILDERS CORPORATION of any costs, expenses and fees incurred in the defending, settling, or paying of any judgment in the Underlying Quirino Lawsuit. *See* Ex. 4.

*Pro Build Holdings, LLC Tender to Canopius US*

31. In a letter dated March 9, 2017, Liberty Mutual, on behalf of its Insured PRO BUILD HOLDINGS, LLC tendered to CANOPIUS US for the defense and indemnity of PRO BUILD HOLDINGS, LLC as an additional insured on Underlying Quirino Lawsuit. A copy of the March 9, 2017 Letter is attached as Exhibit "5" to this Complaint.

32. On or about March 20, 2017, Johns Eastern Company. Inc., as the Third Party Administrator for CANOPIUS US, sent a letter to Liberty Mutual denying its tender on the basis that PRO BUILD HOLDINGS, LLC was not an additional insured on the Policy. A copy of the March 20, 2017 Letter is attached as Exhibit "6" to this Complaint.

## COUNT I – DECLARATORY JUDGMENT

### Canopius US Has No Obligations to Provide Coverage Pursuant to the Specified Operations Exclusion - Roofing

33. Plaintiff incorporates each and every allegation in paragraphs numbered 1 through 32 of this Complaint.

34. The CANOPIUS US Policy contains the Specified Operations Exclusion - Roofing referenced in paragraph no. 21, *supra*.

35. In the Underlying Quirino Lawsuit, the UNDERLYING PLAINTIFF seeks recovery for injuries that he sustained when he was performing roof sheathing for A&B BUILDERS CORPORATION.

36. The Specified Operations Exclusion - Roofing excludes coverage for any liability arising out of, related to or connected with roofing construction, maintenance or repair.

37. There is no coverage for the Underlying Quirino Lawsuit, as the injuries alleged arise out of, are related to or connected with roofing construction, maintenance or repair.

38. As the Specified Operations Exclusion - Roofing applies and excludes coverage, CANOPIUS US has no obligations to provide defense or indemnity coverage to A&B BUILDERS CORPORATION for the Underlying Quirino Lawsuit.

39. As the Specified Operations Exclusion - Roofing applies and excludes coverage, CANOPIUS US has no obligations to provide payment to any NOMINAL DEFENDANTS for

Case 1:18-cv-02874-JHR-JS   Document 1   Filed 02/28/18   Page 11 of 15 PageID: 11

any judgment that they may obtain against A&B BUILDERS CORPORATION in the Underlying Quirino Lawsuit

40.   Plaintiff is entitled to a declaration under 28 U.S.C. §2201 that it has no obligation to provide coverage to A&B BUILDERS CORPORATION for any injuries or damages in the Underlying Quirino Lawsuit because the Specified Operations Exclusion – Roofing applies and excludes coverage for such injuries.

WHEREFORE, CANOPIUS US INSURANCE, INC. requests a Declaratory Judgment that:

(1)   It has no obligation to provide defense and/or indemnity coverage to A&B BUILDERS CORPORATION for the Third-Party Action in the Underlying Quirino Lawsuit pursuant to the Policy's Specified Operations Exclusion – Roofing.

(2)   A&B BUILDERS CORPORATION owe monetary damages in an amount to be determined for the reimbursement to CANOPIUS US of the fees and costs CANOPIUS US has paid for their defense against the non-covered Third-Party Action in the Underlying Quirino Lawsuit.

(3)   It has no obligation to provide payment of any judgment that any NOMINAL DEFENDANT may obtain against A&B BUILDERS CORPORATION in the Underlying Quirino Lawsuit.

(4)   Such other and further relief as the Court deems just and proper.

### COUNT II – DECLARATORY JUDGMENT

**Canopius US Has No Obligations to Provide Coverage
Due to A&B Builder Corporations' Breach of
the Policies' Representations Conditions**

41. Plaintiff incorporates each and every allegation in paragraphs numbered 1 through 40 of this Complaint.

42. The CANOPIUS US Policy contains the representations condition referenced in paragraph no. 22, *supra*.

43. A&B BUILDERS CORPORATION represented in its Application for Commercial Insurance that it did not perform any roofing work.

44. The allegations in the Underlying Quirino Lawsuit are that UNDERLYING PLAINTIFF was injured while performing roof sheathing work for his employer, A&B BUILDERS CORPORATION.

45. A&B BUILDERS CORPORATION's representation that it does not perform any roofing work is a misrepresentation.

46. A&B BUILDERS CORPORATION's misrepresentation that it does not perform any roofing work was material to the underwriting of the CANOPIUS US Policy.

47. The Application for Commercial Insurance submitted by A&B BUILDERS CORPORATION was signed by Jovaci Dos Reis.

48. Subsequent to the filing of the Underlying Quirino Lawsuit, personal counsel for Jovaci Dos Reis denied that he was the Owner or President of A&B BUILDERS CORPORATION, even though he signed the application as a representative of A&B BUILDERS CORPORATION.

49. Canopius US relied on A&B BUILDERS CORPORATION's misrepresentations in evaluating the proposed risk presented by A&B BUILDERS CORPORATION and making its decision to issue the CANOPIUS US Policy.

50. The CANOPIUS US Policy was obtained through misrepresentations and concealment of material facts.

51. CANOPIUS US underwrote and issued the CANOPIUS US Policy to A&B BUILDERS CORPORATION that would never have been otherwise written or issued.

52. Based on these misrepresentations, CANOPIUS US is entitled to rescind the Policy and is entitled to a declaration that the Policy is void *ab initio*.

53. Based on these misrepresentations, CANOPIUS US has no obligation to provide coverage to A&B BUILDERS CORPORATION for the Third Party Action in the Underlying Quirino Lawsuit or any other claim.

WHEREFORE, CANOPIUS US INSURANCE, INC. requests a Declaratory Judgment that:

(1) It is entitled to rescind the Policy.

(2) It is entitled to a declaration that the Policy is void *ab initio*.

(3) It has no obligation to provide defense and/or indemnity coverage to A&B BUILDERS CORPORATION for the Third-Party Action in the Underlying Quirino Lawsuit or for any other claim.

(4) It has no obligation to provide defense or indemnity coverage to PROBUILD HOLDINGS for the Third Party Action in the Underlying Quinino Lawsuit

(5) It has no obligation to provide payment of any judgment that PROBUILD HOLDINGS or any NOMINAL DEFENDANT may obtain against A&B BUILDERS CORPORATION in the Underlying Quirino Lawsuit.

(6) Such other and further relief as the Court deems just and proper.

**COUNT III – DECLARATORY JUDGMENT**

### Canopius US Has No Obligations to Provide Coverage
### To Probuild Holdings, LLC as it is Not an
### Additional Insured or Insured on the Policy

54. Plaintiff incorporates each and every allegation in paragraphs numbered 1 through 53 of this Complaint.

55. PROBUILD HOLDINGS, LLC is not an insured pursuant to the "Who is an Insured" provisions in the CANOPIUS US Policy, referenced in paragraph no. 23, *supra*.

56. The CANOPIUS US Policy contains no additional insured coverage provisions.

57. CANOPIUS US has no obligation to provide coverage to PROBUILD HOLDINGS, LLC because PROBUILD HOLDINGS, LLC is not an insured or additional insured on the CANOPIUS US Policy.

WHEREFORE, CANOPIUS US INSURANCE, INC. requests a Declaratory Judgment that:

(1) It has no obligation to provide defense and/or indemnity coverage to PROBUILD HOLDINGS, LLC for the Underlying Quirino Lawsuit because PROBUILD HOLDINGS, LLC is not an insured on the CANOPIUS US Policy.

(2) It has no obligation to provide defense and/or indemnity coverage to PROBUILD HOLDINGS, LLC for the Underlying Quirino Lawsuit because PROBUILD HOLDINGS, LLC is not an additional insured on the CANOPIUS US Policy, because the CANOPIUS US Policy contains no additional insured coverage provisions.

(3) It has no obligation to provide payment of any judgment that any NOMINAL DEFENDANT may obtain against PROBUILD HOLDINGS, LLC in the Underlying Quirino Lawsuit.

(4)    Such other and further relief as the Court deems just and proper.

Dated:  White Plains, New York
        February 28, 2018

                                              Respectfully Submitted,

                                              FLEISCHNER POTASH CARDALI
                                              CHERNOW COOGLER GREISMAN
                                              STARK & STEWART, LLP

                                    By:    _____
                                              ALEXANDRA E. RIGNEY, ESQ.
                                              Attorneys For Plaintiff
                                              CANOPIUS US INSURANCE, INC.
                                              303 Old Tarrytown Road
                                              White Plains, New York 10603
                                              (646) 520-4200
                                              arigney@fleischnerpotash.com
                                              Our File No.: 20917L